BY THE COURT.
The first objection is to the mode of computing interest, and it is claimed that the commercial rule should have been *adopted. The master in his computation has [170 adopted the common rule, viz.: where more is paid than the interest up to the time of the payment, to apply the payment, first to the interest, and the balance to the principal; and where the sum paid is less than the interest due, to credit the sum paid as part of the interest, leaving che balance of the interest to be satisfied out of the next payment without crediting it to the principal and compounding it. We do not allow a compound, if we can avoid it, nor has the master allowed it. The rule contended for by the defendant’s counsel we cannot adopt. It would enable á debtor, by an annual payment of the interest only, to sink the whole principal and interest and bring his creditor in debt in twenty-five years.
The second exception seeks to have a receipt for $5.31 allowed, which the master rejected. Two receipts, the master was of opinion on the evidence, were given for the same money; he allowed one and rejected the other,' and we think he was right.
The third exception is to the rejection of a credit claimed of $5,660, and seeks credit for that sum. That exception rests upon this state of fact: Two judgments were had in favor of different creditors, upon which two executions were taken out and levied on the same land, which was appraised on both, and sold. The sheriff returned his sale upon both executions; the sales were confirmed and deeds ordered. There was but one sale and payment, and the master allowed but one credit. It is now urged that the sheriff’s returns are conclusive, and that the plaintiff in them cannot go behind them and show that there was but one sum paid when two are returned. We seldom meet a claim in a court of equity so destitute of all pretence of justice. The transaction appears upon its face to be as stated. But if it did not, the judgment of the court where the transaction took place, since entered, making one of the sums a debt *172 of record upon a sci. fa. against the present claimant, is conclusive, except there was fraud in obtaining it.
The objections are disallowed with costs.